1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROY LARRY,

11          Plaintiff,                          No. CIV S-09-2179 GEB GGH PS

12          vs.

13   JP MORGAN CHASE BANK, N.A., et al.,

14                                              ORDER

15          Defendants.

16   _____/

17          Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28

18   U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302(21), pursuant to

19   28 U.S.C. § 636(b)(1).

20          By order of September 28, 2009, plaintiff was directed to show cause why this

21   case should not be stayed based on abstention grounds, based on his request to consolidate this

22   case with an unlawful detainer action against him which is proceeding in superior court.  Plaintiff

23   did not respond to that order.

24          This action concerns plaintiff's attempts to prevent foreclosure of his residence.

25   He contends that he executed a note for $620,000 secured by a deed of trust on his home on May

26   5, 2006, and that on August 9, 2006, he took out a line of credit on the same home in the amount

1

1   of $66,900.  (Compl. at 5.)  Plaintiff was in negotiations with Chase, the beneficiary of the deed

2   of trust, to modify the loan around October 22, 2008 and April 22, 2009.  According to the

3   complaint, the loan was in default from March 1, 2008 through July 1, 2009.  Defendant

4   commenced foreclosure proceedings on the property around May 27, 2009, with a trustee sale on

5   June 3, 2009.  (Id. at 6.)

6          Claims include violations of the Truth in Lending Act, violation of the Real Estate

7   Settlement Procedure Act, wrongful foreclosure, breach of fiduciary duty, breach of contract,

8   breach of implied covenant of good faith and fair dealing, fraud by intentional misrepresentation,

9   fraud by concealment, violation of Cal. Civ. Code § 2923.5(b), quiet title, set aside trustee sale,

10  and cancellation of trustee's deed.[1]  Plaintiff seeks injunctive and declaratory relief, as well as

11  monetary damages.

12  ABSTENTION

13         As plaintiff has not responded to the order to show cause regarding the unlawful

14  detainer action proceeding in superior court, the undersigned must assume from plaintiff's

15  September 4, 2009 filing that he has an ongoing state action regarding the same property that is

16  the subject of the instant litigation.  After further review, however, the undersigned has

17  determined not to stay these proceedings.

18         The concern for comity and federalism require the courts to refrain from

19  interfering in pending state civil proceedings where important state interests are involved.

20  Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail,

21  430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977).

22         Federal courts, invoking principles of equity, federalism, and comity, may abstain

23  in rare cases from exercising jurisdiction, deferring to state proceedings involving the same or

24  similar issues as those presented to the federal court.  The theories supporting abstention vary

25  _____

26  [1]  Plaintiff's request for injunctive relief was denied by the district court on August 10, 2009.

2

1    depending on the factual and procedural posture of each case, but their philosophical

2    underpinnings overlap.  See, e.g., Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct.

3    1712.  (1996); Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423,

4    102 S. Ct. 2515 (1982); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800,

5    96 S. Ct. 1236 (1976); Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971); Burford v. Sun Oil

6    Co., 319 U.S. 315, 63 S. Ct. 1098 (1943); Railroad Commission of Texas v. Pullman, 312 U.S.

7    496, 61 S. Ct. 643 (1941).

8          When the relief sought in federal court is declaratory or injunctive relief directed

9    to the state or its agencies, the principles of abstention set forth in Younger v. Harris, 401 U.S.

10    37, 91 S. Ct. 746 (1971) may counsel federal court abstention.  Pursuant to Younger, federal

11    courts refrain from interfering with pending state criminal or civil proceedings, including state

12    administrative proceedings.  Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477

13    U.S. 619, 106 S. Ct. 2718 (1986).  Absent extraordinary circumstances, a federal court should

14    abstain from granting declaratory or injunctive relief where: (1) there is an ongoing state court

15    proceeding; (2) there is an important state interest at issue; and (3) there is an adequate

16    opportunity for plaintiff to litigate the federal claims in the state court proceeding.  See, e.g.,

17    Hirsh v. Justices of the Supreme Court of California, 67 F.3d 708 (9th Cir. 1995) (affirming

18    abstention in case presenting constitutional challenge to state bar proceeding.).

19          Here, plaintiff concedes there is an ongoing proceeding in state court.  (Dkt. # 6.)

20    Plaintiff states in that motion that the state unlawful detainer proceeding commenced on July 2,

21    2009, prior to the August 7, 2009 complaint filed in this action.  Given the procedural posture of

22    this case, which remains at the complaint stage with no defendants yet served, the court has no

23    difficulty concluding that for Younger purposes, the state proceedings precede this federal action.

24    See Confederated Salish v. Simonich, 29 F.3d 1398, 1405 (9th Cir. 1994) (abstention proper if

25    no proceedings of substance occurred in the federal action); Fresh Intern. Corp. v. Agricultural

26    Labor Relations Board, 805 F.2d 1353, 1358 (9th Cir. 1986) (if the federal suit is in a very early

1  stage when state proceedings are filed, Younger applies).

2          Considering the second Younger factor, the importance to the state of monitoring

3  property disputes within the state cannot be disputed.  Nevertheless, unlawful detainer actions are

4  summary proceedings to determine right to possession and to obtain possession of the property.

5  They do not permit cross-complaints or counterclaims.  Underwood v. Corsino, 133 Cal. App.4th

6  132, 135, 34 Cal. Rptr.3d 542 (2005).  Defenses other than those related to the narrow issue of

7  possession are generally excluded, even if they arise out of the same subject matter as the

8  unlawful detainer action.  Id.  Although it is plaintiff's burden to show that he is barred from

9  raising his federal claims in the underlying state proceedings, see Lebbos v. Judges of the

10  Superior Court, 883 F.2d 810, 815 (1989), and plaintiff has failed to meet this burden, for

11  purposes of efficiency this matter will be resolved at the present time.  Because plaintiff could

12  not bring his federal claims in the ongoing state proceeding, this action will not be stayed.[2]

13  THE COMPLAINT

14          The determination that plaintiff may proceed in forma pauperis does not complete

15  the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

16  at any time if it determines the allegation of poverty is untrue, or the action is frivolous or

17  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

18  an immune defendant.  The court cannot make this determination on the present record.

19  Therefore, the court reserves decision on these issues until the record is sufficiently developed.

20  \\\\\

21

22     [2] Also problematic to the abstention analysis is the question of damages which plaintiff also seeks.  This circuit has found abstention proper in an action for declaratory and injunctive relief which includes a Section 1983 claim for money damages.  Mann v. Jett, 781 F.2d 1448,

23  1449 (9th Cir. 1986) (abstention proper in Section 1983 claim for injunctive relief and monetary damages); but cf. Hirsch  v. Justices of the Supreme Court of California, 67 F.3d 708, 715 n. 5

24  (9th Cir. 1995) (stating that application of Younger to monetary claim unclear); Lebbos  v. Judges of the Superior Court, 883 F.2d 810, 816-17 (1989) (in claim for injunctive relief and

25  Section 1983 damages, abstention not proper on 1983 damages claims if bases for constitutional torts unrelated to constitutional basis for defense to state action *and* consideration of damage

26  claims unlikely to interfere with state proceedings).

1   Good cause appearing, IT IS ORDERED that:

2       1.  The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is

3   directed to serve within ninety days of the date of this order, all process pursuant to Fed. R. Civ.

4   P. 4, including a copy of this court's status order, without prepayment of costs.

5       2.  The Clerk of the Court shall send plaintiff one USM-285 form for each

6   defendant, one summons, a copy of the complaint, an appropriate form for consent to trial by a

7   magistrate judge, and this court's status order.

8       3.  Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date

9   this order is filed, all information needed by the Marshal to effect service of process, and *shall*

10  *file a statement with the court that said documents have been submitted to the United States*

11  *Marshal.*  The court anticipates that, to effect service, the U.S. Marshal will require at least:

12          a.  One completed summons for each defendant;

13          b.  One completed USM-285 form for each defendant;

14          c.  One copy of the endorsed filed complaint for each defendant, with an

15          extra copy for the U.S. Marshal;

16          d.  One copy of this court's status order for each defendant; and

17          e.  One copy of the instant order for each defendant.

18      4.  In the event the U.S. Marshal is unable, for any reason whatsoever, to

19  effectuate service on any defendant within 90 days from the date of this order, the Marshal is

20  directed to report that fact, and the reasons for it, to the undersigned.

21      5.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

22  Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

23  DATED: March 23, 2010

                                /s/ Gregory G. Hollows
24
                                _____
25                              GREGORY G. HOLLOWS
                                UNITED STATES MAGISTRATE JUDGE

    GGH:076
26  Larry2179.srv.wpd